UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| BLANCA ANGELICA MEDINA also known as Blanca Angelica Medina Rangel also known as Blanca Angelica Rangel Medina and MANUEL SALVADOR GARCIA, JR. also known as Manuel Garcia, <br><br>Petitioners, <br><br>VS. <br><br>UNITED STATES IMMIGRATION and CUSTOMS ENFORCEMENT (ICE), UNITED STATES CUSTOMS AND BORDER PROTECTION and UNITED STATES DEPARTMENT OF HOMELAND SECURITY also known as US Department of Homeland Security <br><br>Respondents. | § § § § § § § § § § § § § § § § § § § § §   **CASE NO. 7:25-cv-591** |

## PETITION/MOTION FOR RETURN OF SEIZED PROPERTY

Petitioners/Movants, BLANCA ANGELICA MEDINA also known as Blanca Angelica Medina Rangel also known as Blanca Angelica Rangel Medina, and MANUEL SALVADOR GARCIA, JR. also known as Manuel Garcia, file this Petition/Motion for the Return of Seized Property, and in support thereof would show the following:

### JURISDICTION AND VENUE

1. This court has jurisdiction based on a claim for due process of law and a federal question under 28 USC § 1331 and the Court has jurisdiction over federal civil forfeitures under 28 U.S.C. § 1355. Venue is proper in the Southern District of Texas, McAllen Division because the subject property was seized at 3708 South I Street, McAllen, Texas, which is located in Hidalgo County, Texas and within the jurisdiction and venue of the US District Court for the Southern District of Texas, McAllen Division. Any

motion to return seized property shall be filed in the district court of seizure warrant or in the district court for the district in which the property was seized. *See* 18 USC 981(b)(3).

## PARTIES

2. Petitioners are BLANCA ANGELICA MEDINA also known as Blanca Angelica Medina Rangel also known as Blanca Angelica Rangel Medina, and MANUEL SALVADOR GARCIA, JR. also known as Manuel Garcia. Petitioners reside at 3708 South I Street, McAllen, Texas 78503.

3. The United States Immigration and Customs Enforcement (ICE) is a governmental agency and a respondent/party to this suit. This governmental agency may be served with civil process by mailing the summons and complaint/petition by registered or certified mail to U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900. To aid in prompt handling, parties are encouraged to email a courtesy copy of a summons or complaint properly served in accordance with local rules and this guidance to OPLAServiceIntake@ice.dhs.gov.

4. The United States Customs and Border Protection is a governmental agency and a respondent/party to this suit. This governmental agency may be served with civil process by mailing the summons and complaint/petition by registered or certified mail to the office of Chief Counsel, U.S. Customs and Border Protection, 1300 Pennsylvania Avenue, Suite 4.4-B, Washington, D.C. 20229. To aid in prompt handling of any summons and complaint, parties are encouraged to also email a copy to cbpserviceintake@cbp.dhs.gov.

5. The United States Department of Homeland Security is a governmental agency and a respondent/party to this suit. This governmental agency may be served with civil process by mailing the summons and complaint/petition by registered or certified mail to the Office of the General Counsel, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, DC 20528-0485.

To aid in prompt handling of any summons and complaint, parties are encouraged to also email a copy to OGC@hq.dhs.gov.

## BACKGROUND

6. On or about November 21, 2025, agents with the US Immigration and Customs Enforcement (ICE) went to Petitioners' residence located at 3708 South I Street, McAllen, Texas 78503. ICE agents made contact with one or more petitioners and requested consent to search the residence. According to ICE, they were provided with consent to enter and search the Petitioner's residence. ICE conducted a warrantless search of the Petitioner's residence and seized Petitioner's property. ICE seized approximately $375,000.00 in US currency, jewelry, a silver coin, and a 2022 Cadillac Escalade from the Petitioner's residence and possession.

7. On December 20, 2025, US Customs and Border Protection (USCBP) sent a "Notice of Seizure and Information to Claimants CAFRA Form" to Petitioners. In the Notice of Seizure, USCBP informed the Petitioners that it had seized the aforementioned personal property and US Currency and that the agency intended on forfeiting the property.

8. On or about January 23, 2024, Petitioners sent Respondents their notice of claim forms, including an Election of Proceedings – CAFRA Form and a US Customs and Border Protection CAFRA Seized Asset form, along with a cover letter. In this correspondence, Petitioners notified Respondents that they were filing a claim for the seized property and requested that the Respondents refer the seizure case for judicial forfeiture proceedings. In this same correspondence, the Petitioner sent a signed and notarized statement in support of their CAFRA Seized Asset Form which provided factual support of the Petitioners possessory and ownership clams for the seized property.

9. In their claim to Respondents, Petitioners detailed that they were the lawful owners and possessors of the $375,000.00 in US currency. They explained that this currency was seized in their

residence and they were in possession of the currency at the time it was seized. They further explained that they obtained the currency in a lawful manner and that it was not the proceeds of criminal activity. The seized $375,000.00 US currency is money that Petitioners made from the sale of real property, and income from businesses and savings over the years. The seized US currency was in the Petitioners residence and in their lawful possession when it was seized by Respondents. The Petitioners explained that they are married and the seized US currency is community property owned by them.

10. The US Post Office Tracking website shows that the Petitioner's claim documents were delivered on January 24, 2025. Therefore, Petitioners timely (within 35 days from the notice of seizure) made their claim for the seized property and request for judicial forfeiture proceedings.

11. The Respondents, by and through the US Attorney's Office, have not filed a civil petition for forfeiture with the federal district court. Previously, the Respondents returned all the seized property, except for the estimated $375,000.00 US Currency, to the Petitioners. Petitioners, by and through their attorney, have requested the return of the approximately $375,000.00 US Currency. However, Respondents have not returned the seized currency despite not timely instituting judicial forfeiture proceedings.

## LEGAL PRINCIPLES

12. The Civil Asset Forfeiture Reform Act of 2000 (CAFRA) sets a strict 90-day deadline for the government to pursue a forfeiture complaint or criminal proceedings after receiving a claim to property. *See* 18 USC § 983(a)(3)(A) – (B). The law requires the government to timely initiate civil forfeiture proceedings within 90 days of the date on which the seizing agency received the property owner's demand for federal court/judicial forfeiture proceedings or to return seized property. *See* 18 USC § 983(a)(3)(A) – (B).

13. The Petitioners mailed their claim and request for judicial forfeiture on January 23, 2025, and it was received by Respondents on January 24, 2025. Therefore, at the latest, the government was required to file a civil forfeiture complaint in district court on or before April 1, 2025 (the 90-day deadline fell on March 30, 2024, which was a Saturday). The government has not filed a federal complaint or initiated a judicial forfeiture proceeding.

14. With CAFRA, Congress enacted several reforms intended to prevent abuse of the Nation's forfeiture laws. An important reform was establishing strict, mandator deadlines for the government to initiate forfeiture cases. *See* 18 USC § 983. Once formal notice is sent by the government (formal notice in this case was sent on December 20, 2023), property owners have a limited time in which to file a claim identifying the specific property they are claiming and stating their legal interest in the property. *Id*. *See* 18 USC § 983(a)(2). In this case, the Petitioners timely made a claim (within 35 days of the notice of seizure) and provided a detailed statement of their possessory interest in all the seized property, including the approximately $375,000.00 US Currency that is at issue in this case. This was within the time allotted Petitioners to file a claim. *See* 18 USC § 983(a)(2)(B) (requiring a claim to be filed "not later than the deadline set forth in a personal notice letter"). The time allotted to file a claim in the notice of seizure letter was 35 days from the date of notice of seizure.

15. The government then has 90 days from the date the claim is received (received on January 24, 2024) by the seizing agency in which to return the property, file a civil forfeiture complaint, or obtain a criminal indictment that includes an allegation that the property is subject to forfeiture. *Id. See* 18 USC § 983(a)(3(A) – (B). In this case, the government did not return the approximately $375,000.00 US Currency, nor did it file a civil forfeiture complaint or obtain a criminal indictment with an allegation that the property is subject to forfeiture. Now that the 90-day window has closed, the government cannot do any of the aforementioned actions, other than promptly return the seized US currency. *See* 18 USC §

983(a)(3)(A) – (B).  The remedy for failure to timely commence civil judicial forfeiture proceedings is explicitly stated in CAFRA: "[T]he Government shall promptly release the property."  Id.; *See* 18 USC § 983(a)(3)(B); *see also* 28 C.F..R § 8.13(b) (US Attorney General rules and regulations).

## MOTION TO RETURN PROPERTY

16.     A motion or petition for the return of seized property may be requested under Rule 41(g) of the Federal Rules of Criminal Procedure under the district court's general equitable powers.  A motion under Federal Rule of Criminal Procedure 41(g) is an appropriate means for seeking the return of property when the government fails to timely commence a civil forfeiture action.  The rule provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. *See* Fed. R. Crim. P. 41(g).  Such a motion "must be filed in the district where the property was seized." *Id*.  And [t]he court must receive evidence on any factual issue necessary to decide the motion. *Id.*   Further, courts have held that Rule 41(g) gives property owners an equitable remedy when the government fails to initiate civil forfeiture proceedings.  In Rule 41(g) cases brought outside a criminal proceeding, such as in this case, the motion is "treated . . . as a civil complaint governed by the Federal Rules of Civil Procedure."  *United Staes vs. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008).  The motion is treated as a petition for civil equitable relief.

17.     The failure to return the seized US currency is a violation of CAFRA and deprives the Petitioners of their property rights without due process of law.  Although the Petitioners, at this time, are not challenging the constitutionality of the search and seizure of the property, the property was seized without a lawful search or arrest warrant supported by probable cause (albeit it was a consensual search).  In this petitioner/motion for return of seized property, the Petitioners are not addressing the constitutionality, voluntariness or validity of the consent.   The failure of the government to follow CAFRA and its strict deadlines, failure to file the Respondents' own agency's rules, regulations and

directives, failure to follow the rules and regulations of the US Attorney General, the failure and delay in filing a civil forfeiture action or criminal indictment, and the delay and failure to return the seized property to Petitioners, deprive the Petitioners of their due process rights.

18. The Respondents' continued retention of the seized property is not reasonable and there is no legitimate interest in retention of the property. Assuming arguendo that there is a legitimate interest in the property (which the Petitioners deny), the Respondents' claimed legitimate interests (which Petitioners deny), can be satisfied even if the property is returned to the Petitioners, the rightful owners of the property. The retention and refusal to return the property without bringing forth criminal charges is in callous disregard of the constitutional rights and due process rights of the Petitioners. If the government believes that they have a legitimate interest in holding the property for any alleged criminal investigation, then the property could be photographed, videotaped and logged for the investigation and returned to Petitioners. Alternatively, the government could keep possession of the US Currency and write Petitioners a check for the amount seized. Respondents have no legitimate or adequate justification to withhold the property and continue the withholding and possession of said property.

19. FRCP Rule 41 only requires proof of right to lawful possession, and not necessarily lawful ownership of property. Notwithstanding, Petitioners have a right to lawful possession and ownership of the seized US currency. Further, the district court, under its general equitable powers, has the authority to order the Respondents to promptly return the seized $375,000.00 US currency to the Petitioners. Further, the Court should not impose any "reasonable conditions" to protect access to the property and its use in later proceedings. In this case, Petitioner argues that there will be no later proceedings because the government is time-barred from filing any later forfeiture proceedings.

20. For the aforementioned reasons, Petitioners move this Court to order the government and Respondents to promptly, and without delay, return of approximately $375,000.00 in US currency to the

Petitioners, without any conditions. Further, the Petitioners request that the Court order the Respondents to pay interest.

WHEREFORE, Petitioners pray that upon final hearing, judgment be entered in favor of Petitioners and against Respondents and the Court order that Respondents promptly return the seized property to Petitioners, without conditions. Petitioners pray for all other relief, at law and in equity, to which they may be justly entitled,

                                                Respectfully submitted,

                                                HARKRIDER LAW FIRM

                                                  */s/ Derek M. Harkrider*
By: _____
Derek M. Harkrider
SBN 24000601
10190 Katy Freeway, Suite 440
Houston, Texas 77043
(713) 237-0800 - Telephone
(281) 819-1933 – Facsimile
Hlf.eserve@gmail.com
derek@harkriderlaw.com

**Attorney for Petitioners**